O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GRANT BROWN, ) | Case No. CV 07-06139-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Grant Brown ("Plaintiff") seeks review of the Commissioner's final decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is reversed and remanded for further proceedings.

**I.   Factual and Procedural Background**

On July 29, 2002, Plaintiff filed claims for DIB and SSI benefits. (Administrative Record ("AR") at 70-76). The Commissioner denied the applications initially and upon reconsideration. (AR at 48-51, 58-62).

On February 11, 2004, an administrative hearing was held before Administrative Law Judge Edward C. Graham ("ALJ Graham"). (AR at 189-204).  On March 19, 2004, ALJ Graham issued a decision ("Decision #1") concluding that Plaintiff was not disabled. (AR at 22-30).  On May 12, 2004, Plaintiff requested review before the Appeals Council. (AR at 16-21).  The request was denied. (AR at 6-9).  Plaintiff then sought review in this Court.  On April 24, 2006, this Court remanded the matter to the Commissioner for further proceedings. (AR at 237).  The Court found that ALJ Graham failed to properly consider the medical evidence, specifically a state agency psychiatric consultation report prepared by Dr. Brian S. Taylor, M.D.  The Court also found that ALJ Graham failed to propound a complete hypothetical to the Vocational Expert ("VE") because the hypothetical did not take into account the great difficulty Plaintiff's stuttering would cause in a work environment in general, not just in interacting with the public. *Grant v. Barnhart*, Case No. CV 04-9734-MLG (AR at 239-244).

On April 4, 2007, a second administrative hearing was held, this time before ALJ Mary L. Everstine ("ALJ Everstine"). (AR at 294).  On April 18, 2007, ALJ Everstine issued a decision finding that Plaintiff was not disabled ("Decision #2"). (AR at 219-225).  Specifically, ALJ Everstine found that Plaintiff suffered from the severe impairments of lumbar sprain and speech dysfluency, but that Plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 222). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work with the following limitations: "unable to perform work requiring any verbal interaction with the general public; and unable to perform activities solely dependent upon verbal responses,

but able to communicate and/or acknowledge communication nonverbally with hand gestures and/or nodding." (AR at 222).  Based on this RFC and the described limitations, the ALJ concluded that Plaintiff would not be capable of performing his past relevant work, but that Plaintiff would be able to perform other work activity, specifically that of a toy assembler (AR at 224-225).  The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. (AR at 225).  The Appeals Council denied review and Decision #2 became the final decision of the Commissioner. (AR at 205-208).

Plaintiff then filed this action for judicial review. Plaintiff raises the following arguments by way of a Joint Stipulation of disputed issues:

1. ALJ Everstine erred by disregarding the medical evidence. (Joint Stipulation ("Joint Stip.") at 5-11).

2. ALJ Everstine erred in her assessment of Plaintiff's credibility. (Joint Stip. at 14-17).

3. ALJ Everstine erred in determining that Plaintiff could perform the identified alternative work based on the RFC as assessed by the ALJ. (Joint Stip. at 21-24).

Plaintiff seeks a remand for payment of benefits, or alternatively a remand for further proceedings (Joint Stip. at 27).  The Commissioner requests that Decision #2 be affirmed. (AR at 27-28). The Joint Stipulation has been taken under submission without oral argument.

//
//
//

## II. <u>Standard of Review</u>

The Court must uphold the Social Security Administrations's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. <u>Discussion</u>

After reviewing the parties' respective contentions and the record as a whole, the Court finds that ALJ Everstine disregarded this Court's order in *Grant v. Barnhart* (Case No. CV 04-9734-MLG), which required the ALJ to properly consider the medical evidence and to propound a complete hypothetical to the VE. Therefore, the Court remands this matter for further proceedings consistent with this opinion and this Court's earlier

opinion in *Grant v. Barnhart* (Case No. CV 04-9734-MLG).[1]  First, the ALJ did not, despite this Court's order, address Dr. Taylor's finding of "a marked limitation in [Plaintiff's] ability to maintain social functioning" based upon an organic mental disorder, nor did the ALJ provide any reasons why such a limitation should not be credited and included in the vocational limitations presented in the hypothetical to the VE. (AR at 242).  Second, from an examination of the transcript of the hearing held on April 4, 2007, it does not appear that the ALJ constructed a complete hypothetical which adequately reflected Plaintiff's substantial verbal limitations.  The reason for this may be the increasingly marked combativeness between ALJ Everstine and Plaintiff's counsel during the course of the hearing.  In fact, it is the opinion of this Court that ALJ Everstine's conduct at the hearing was so intemperate as to give rise to an appearance of partiality.[2]  Accordingly, the Court orders that the case be assigned to a different

---

[1]  As noted above, Plaintiff raises three alleged errors committed by the ALJ in Decision #2: (1) the ALJ disregarded the medical evidence; (2) the ALJ did not properly credit Plaintiff's testimony; and (3) the ALJ incorrectly determined that Plaintiff could perform the identified alternative work based on the RFC. Because the ALJ erred by disregarding this Court's earlier order in Decision #1, the Court does not reach these three issues and will not decide whether these issues would independently warrant relief.

[2]  For example, the following exchange took place between ALJ Everstine and Plaintiff's counsel, after which the hearing abruptly ended:

   Atty: Well, she's not answering the question.  She never will.
   ALJ: Well, then, you know what, Mr. Rosales? Just appeal it. You got it? Because this is over.  You've just – what you're doing is berating her.  You're –
   Atty: My God, Your Honor.
   ALJ: My God nothing, Steven.  Get out.
   Atty: She asked –
   ALJ: We're done.  We're done.  Get out.
(AR at 327).

ALJ on remand.[3]

## IV. Conclusion

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), **IT IS HEREBY ORDERED** that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further proceedings consistent with this decision and the decision in *Grant v. Barnhart*, Case No. CV 04-9734-MLG.

Dated: October 31, 2008

_____
Marc L. Goldman
United States Magistrate Judge

---

[3] In doing so, the Court does not find that the ALJ's behavior was so extreme as to display a clear inability to render a fair judgment, which in itself would warrant a remand or award of benefits. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1214-15 (9th Cir. 2005), *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001).